Clarence James **WALTON**, Appellant,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, Appellee.

No. 10406.

United States Court of Appeals
Fourth Circuit.

Argued May 2, 1966.

Decided May 10, 1966.

Lee R. Gordon, Richmond, Va. (Court-assigned counsel) (Blue, Gordon, Saunders & Neblett, Richmond, Va., on brief), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

PER CURIAM:

The District Court dismissed petitioner's habeas corpus petition without a hearing, having determined that the facts relevant to the constitutional issues [1] raised by the petition had been found adversely to petitioner by the Virginia court in which he had unsuccessfully sought habeas corpus relief prior to the filing of his federal petition.

 Walton objects to the lower court's use of the transcript of proceedings in the state habeas court because it was neither tendered to nor signed by the judge of the state court and was not certified by the clerk of that court as required by the Rules of the Supreme Court of Virginia. The transcript was signed and approved by the attorneys who represented the petitioner and the respondent in the state habeas corpus proceeding. This is a sufficient guarantee of its accuracy and we find no error in its receipt and use by the District Court. It is not contended here that the transcript is incomplete or inaccurate in any respect. The Rules of the Supreme Court of Appeals of Virginia are applicable to appeals to that court but a failure to follow such technical requirements does not render the transcript inadmissible in the federal court.

 Petitioner argues that the District Court should have held a plenary hearing on the issue of the voluntariness of his confession since the state court did not consider this point. Even if Walton's present petition had clearly raised this issue,[2] his own argument is fatal to his claim. The state court did not inquire into the voluntariness of his confession since the petition to that court did not present a claim that the confession was involuntary. The presiding judge expressly stated that the validity of the confession was not in question. Thus, it is clear that petitioner has not exhausted his state remedies and there was no error in dismissing the petition without a hearing.

Affirmed.

---

1. He alleges a denial of due process of law in the following respects: (1) he was interrogated while he was held incommunicado and (2) he was not allowed to select an attorney of his own choosing.

2. The petition could be said to present this issue only by a strained construction.